UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY KENNELLY, #201790,

       Plaintiff,

                                       CASE NO. 05-CV-71287-DT
v.                                      HONORABLE GERALD E. ROSEN

BARRY TYRRELL, et al.,

       Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.      Introduction

      Before the Court is Plaintiff Gary Kennelly's civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan. Plaintiff has paid the filing fee for this action. In his complaint, filed through counsel, Plaintiff alleges that the defendants failed to ensure his safety and failed to provide prompt and appropriate medical care arising from a prison work injury which occurred while he was incarcerated at the Southern Michigan Correctional Facility in Jackson, Michigan. Plaintiff seeks monetary damages and other appropriate relief.

      Having reviewed the complaint, the Court dismisses it pursuant to 42 U.S.C. § 1997e(a) for failure to demonstrate exhaustion of administrative remedies.

II.     Discussion

      Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust all available administrative remedies before filing a federal lawsuit challenging his conditions of

1

confinement. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir. 1999). To demonstrate exhaustion of administrative remedies, a prisoner should attach the decision containing the administrative disposition of his grievance or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). A prisoner must exhaust administrative remedies as to each defendant and as to each claim identified in the complaint. *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). The exhaustion requirement applies to § 1983 actions brought by state prisoners even if those prisoners seek monetary relief. *See Lavista v. Beeler*, 195 F.3d 254, 256-57 (6th Cir. 1999).

Federal courts may enforce the exhaustion requirement *sua sponte*. *See Brown*, 139 F.3d at 1104. When a prisoner fails to exhaust administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate. *See* 42 U.S.C. § 1997e(a); *Smith v. Federal Bureau of Prisons*, 300 F.3d 721, 723 (6th Cir. 2002). Under the PLRA, a prisoner may not amend the complaint to cure the failure to plead exhaustion of administrative remedies. *See Baxter v. Rose*, 305 F.3d 484, 488 (6th Cir. 2002).

In his complaint, Plaintiff asserts that he has exhausted his administrative remedies as to his claims, but fails to explain these statements with any specificity and fails to attach any grievances or other administrative requests that he may have submitted to prison officials. Plaintiff has not met his burden of showing that he has fully exhausted his administrative

remedies in this case. His complaint must therefore be dismissed.[1]

III.    Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to demonstrate exhaustion of his administrative remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's civil rights complaint. Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**


Dated:  April 18, 2005                                    s/Gerald E. Rosen
                                                          GERALD E. ROSEN
                                                          UNITED STATES DISTRICT JUDGE


PROOF OF SERVICE

I hereby certify that a copy of the foregoing Order was served on the attorney(s)/party(ies) of record on April 18, 2005, by either electronic means or U.S. Mail.

                                                          s/Donna D. Vinson
                                                          Judicial Assistant

---

[1] The Court notes that Plaintiff has previously filed a similar complaint which was dismissed for failure to exhaust administrative remedies. *See Kennelly v. Tyrrell*, No. 04-CV-10255-BC.