UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY KENNELLY, #201790,

        Plaintiff,

v.                                        CASE NO. 05-CV-71287-DT
                                         HONORABLE GERALD E. ROSEN

BARRY TYRRELL, et al.,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

      Before the Court is Plaintiff's Motion for Reconsideration concerning this Court's summary dismissal of his civil rights complaint brought pursuant to 42 U.S.C. § 1983 for failure to demonstrate exhaustion of administrative remedies. Plaintiff seeks to re-open his case, claiming that the grievance documentation was inadvertently omitted from his original filing. If the case is re-opened, Plaintiff also seeks to have the matter re-assigned to the Honorable David M. Lawson who previously dismissed a prior complaint for failure to demonstrate exhaustion of administrative remedies. *See Kennelly v. Tyrrell*, No. 04-CV-10255-BC. Plaintiff has paid the filing fee for this action and is represented by counsel.

      A motion for reconsideration which presents issues already ruled upon by the district court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Plaintiff has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a

1

correction thereof, as required by Local Rule 7.1(g)(3).  Moreover, the Court may not permit Plaintiff to amend his complaint to defeat dismissal for failure to demonstrate exhaustion of administrative remedies.  *See Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).  Plaintiff failed to show that he had exhausted administrative remedies on his claims in his complaint as originally filed.  Although he now submits documentation with his motion in an effort to fulfill the exhaustion requirement, such documentation was required to be included with the complaint.  *See Scott v. Martin*, 112 Fed. Appx. 409, 410 (6th Cir. 2004) (affirming dismissal of complaint and denial of reconsideration where plaintiff submitted exhaustion documentation as part of objections to magistrate judge's report); *see also Jones v. Gobbs,* 21 Fed. Appx. 322, 323 (6th Cir. 2001) (state prisoner was not entitled to reconsideration of dismissal of § 1983 action for failure to present evidence of exhaustion, where documents attached to reconsideration motion existed prior to filing of complaint and there was no legal error or change in law regarding exhaustion).  Furthermore, because the Court dismissed Plaintiff's complaint without prejudice, there is no manifest injustice to justify reconsideration of the dismissal order.  Plaintiff retains the opportunity to file a properly pleaded complaint.

       Accordingly,

       **IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.

       s/Gerald E. Rosen
       Gerald E. Rosen
       United States District Judge

Dated:  March 24, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 24, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager